FARROW *v.* BRESLER.

108    564
f155    283

Contract—What Constitutes—Meeting of Minds.

Pending negotiations between plaintiff and defendant's son for the formation of a partnership, defendant agreed with the plaintiff that, if certain suggestions made by him were acquiesced in, he would contribute his son's share of the cash capital. Plaintiff agreed to these suggestions, and articles of copartnership were drawn and executed by the parties. Afterwards defendant sent to the plaintiff a modified contract of partnership, which plaintiff signed and returned as requested, at the same time suggesting a further modification of the contract by increasing the capital stock. In reply, defendant expressed his willingness to increase the capital, but no provision of the kind was inserted in the partnership articles. Neither defendant nor his son did anything towards carrying out the partnership agreement. *Held*, that the minds of the parties met when the modified contract was signed, and that the plaintiff was entitled to recover the damages sustained by him by reason of defendant's failure to perform his agreement.

Error to Wayne; Donovan, J. Submitted January 17, 1896. Decided March 11, 1896.

*Assumpsit* by Edward S. Farrow against Charles E. Bresler for the breach of a special contract. From a judgment for defendant on verdict directed by the court, plaintiff brings error. Reversed.

*Bowen, Douglas & Whiting*, for appellant.

*Peter E. Park*, for appellee.

Long, C. J. The plaintiff in 1891 was interested in certain lands at Barnegat Park, N. J., and Arthur L. Bresler, the son of the defendant, was the owner of a military academy at Portsmouth, Ohio, which he was then managing. Negotiations were had between Arthur and the plaintiff with reference to establishing the

academy in New Jersey, which led the plaintiff to forward to the defendant a map of Barnegat Park, on which was marked the land which was intended to be donated to the institution. The arrangement between Arthur and the plaintiff seems to have been that the plaintiff should contribute the land at Barnegat Park for the purposes of a military academy, and that Arthur should contribute the academy at Portsmouth, and that each should pay, in equal proportions, the necessary cash for the erection of the institution and the conduct of the same. These facts were written by the plaintiff to the defendant, but the cash capital was not fixed in this letter. In answer to this proposition, defendant wrote a letter to the plaintiff, in which he acknowledged the receipt of the letter and map, but objected to the terms offered by the plaintiff, as not fair, and, after some further remarks, made a proposition that the plaintiff should donate the necessary land to the institution, and that the cost of the buildings, which might be $28,000, should be equally divided between the plaintiff and Arthur; the plaintiff paying his half in cash, and Arthur applying upon his half what his institution at Portsmouth and its good will was reasonably worth, and the plaintiff to manage the financial matters entirely. The letter closes as follows: "When you agree on this suggestion, the balance then due from my son will be paid by me."

Soon after this, and about September 8, 1891, the plaintiff, at the request of defendant and his son, came to Detroit, and there an agreement in writing was made between plaintiff and Arthur. This agreement appears to have been dictated by the defendant, and written out by Arthur, and is as follows:

"Edward S. Farrow and Arthur L. Bresler make the following agreement: That they will both form an equal copartnership to establish and maintain a naval academy at Barnegat Park, N. J., at a cash basis or capital stock of $25,000; that each will furnish half of the capital.

Edward S. Farrow to pay $12,500 in cash. Arthur L. Bresler to give half of his plant and good will of the Ohio Military Academy, now established and maintained at Portsmouth, Ohio, in lieu of $6,000, and to pay $6,500 in cash. The expenses of the removal of the Ohio Military Academy from Portsmouth, O., to Barnegat Park, N. J., to be paid equally between both parties.

· "This copartnership is to exist for ten years, unless sooner dissolved by mutual consent. Both parties, by mutual consent, to be at liberty to take any steps towards furthering the interests of the copartnership and the naval academy.

"EDWARD S. FARROW.
"ARTHUR L. BRESLER."

Plaintiff contends that, at this meeting in Detroit, defendant again promised him, orally, to pay Arthur's share of the cash capital.

After this agreement was made, plaintiff returned to New Jersey, and, in a few days thereafter, received a letter from defendant calling attention to an error in the contract, and inclosing a contract in duplicate to correct this error; requesting the plaintiff to sign one, and return the same to him, and keep the other himself. This plaintiff did. The letter from defendant which accompanied this second contract states:

"In the contract, the way it was made out, only one-half of Arthur's school is ceded into the copartnership, so that he retains one-half unaccounted for. Now, I would suggest a capital of $30,000, when Arthur puts in his whole plant, as agreed, for $12,000, and pays $3,000 cash as his half, and you put in the equal amount of $15,000 in cash, which would balance correctly. * * * By reading over the old contract, you will readily perceive the mistake."

The second contract signed by the plaintiff is as follows:

"Edward S. Farrow and Arthur L. Bresler make the following agreement: That they will both form an equal copartnership to establish and maintain a naval academy at Barnegat Park, N. J., at a capital basis at present of $30,000; that each will furnish half of the capital.

Arthur L. Bresler to give his whole plant and good will of the Ohio Military Academy, as now established and maintained at Portsmouth, Ohio, in lieu of $12,000, and to pay $3,000 in cash.  Edw. S. Farrow to pay $15,000 in cash.  The expenses of the removal of the Ohio Military Academy from Portsmouth to Barnegat Park to be paid equally by both parties.  The necessary lands for the academy at Barnegat Park to be donated by Edward S. Farrow, and to be owned equally by both parties.

"This copartnership is to exist for ten years, unless dissolved sooner by mutual consent.  Both parties, by mutual consent, to be at liberty to take any steps towards furthering the interests of the copartnership and the naval academy.

"ARTHUR L. BRESLER.
"EDWARD S. FARROW."

Plaintiff, in returning this contract, wrote to defendant that he would go ahead with the erection of the barracks, and that the defendant might remit on account of Arthur's contribution.  In the same letter, plaintiff suggested that the capital stock be increased to $37,000, so that the cash contribution on the part of the defendant might be more than $3,000, as plaintiff wished to erect a more expensive institution.  In reply to this letter, defendant wrote the plaintiff, signifying his willingness to increase the capital stock to $37,000.  It was also suggested that it might be turned into a stock company.  He then stated, "I will always be ready to contribute, when necessary, the colonel's share,—aye, and even more, when it shall appear to me for the benefit of the copartnership."  This suggestion to increase the capital stock was never carried out, and the second articles of copartnership were never modified in any way.

The plaintiff proceeded to erect the barracks, and to make the necessary arrangements to construct a military academy.  He expended some $900 in grading the grounds, procuring materials, paying salaries and traveling expenses, etc.  He procured a deed for the necessary lands to be donated to the copartnership, leaving only the name of the second party blank until it should

be agreed in what name the title should stand, and claims that he stood ready and willing to contribute the $15,000 in cash, or as much as was necessary to advance the copartnership interests, and to contribute one-half the necessary moneys to remove the Ohio academy to Barnegat Park. Before the proposed removal took place, the Portsmouth academy burned down, and after that time nothing was done by Arthur or the defendant in carrying out the terms of the contract with the plaintiff. This action is brought against the defendant, upon his promise to pay Arthur L. Bresler's proportion of the cash capital to the copartnership; and it is claimed that, by reason of such failure, the partnership collapsed, and plaintiff lost by it the advances made by him.

The court below directed a verdict in favor of the defendant, upon the ground that the minds of the parties never met; that the propositions made by the respective parties never culminated in an agreement between the plaintiff and the defendant as to what amount, or under what circumstances or conditions, the defendant was to pay for Arthur's share in the enterprise. The court below apparently placed his ruling upon the ground that the plaintiff, in his letter returning the corrected contract, suggested that the capital be increased to $37,000. It will be noted that this was simply a suggestion, which was never acted upon; but, upon the contrary, the plaintiff, in the same letter, stated, "I acquiesce in the suggestion in the contract." He signed and returned the contract as requested by Mr. Bresler, and asked him to remit on account of Arthur's share. We think the minds of the parties met when this second contract was signed; that is, that the agreement was then fully consummated upon which Mr. Bresler, the defendant, was to pay the share of his son Arthur in the contract. This he had agreed to do in his letters, as before stated. The court below was in error in holding that the minds of the parties did not meet. The proposition was in writing, and duly accepted by the plaintiff. The terms were clear and explicit, and

there is no part of the agreement left in doubt. The judgment should have been for the plaintiff.

Judgment is reversed, and a new trial granted.

The other Justices concurred.